No. 17,157.

MERWIN v. IDEAL CEMENT COMPANY.
(263 P. [2d] 1021)

Decided November 30, 1953.

Mr. JACK MERWIN, for plaintiff in error.

Mr. MITCHELL BENEDICT, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS writ of error involves a question of the voluntary and involuntary dismissal of an action, and involves rules 41 (a) and 41 (b), R.C.P. Colo. Rule 41 (a) concerns voluntary dismissal by plaintiff or by stipulation; Rule 41 (b) has to do with involuntary dismissal at the instance of the court or defendant.

This action, involving a judgment for only $31.49, finds its way here by the following circumstances: On August 28, 1952, plaintiff in error, plaintiff below, filed two actions in a justice of peace court in Fremont county. One suit was against Titus for $14.26 and the other against Piland for $31.49. Garnishee summons issued in both actions and was served on the Ideal Cement Company, as garnishee, on October 29, 1952. September 24, both cases came up for trial and, due to nonappearance of the defendant and garnishee, default judgment was rendered in both cases in the amounts above indicated. Conditional judgments were rendered against the garnishee. After scire facias was issued in both actions directed to the garnishee, the matters involved came on for hearing on September 11, when plaintiff and the garnishee were present. At the conclusion of the hearing the conditional judgments against the garnishee were made final in both cases. September 19, the garnishee filed appeals to the county court in both actions, where the cases received numbers 10155 and 10156, respectively. December 1, 1952, both actions were set for trial to a jury for December 29, on which date trial was had to a jury in action No. 10155, the case against Titus. At the conclusion of plaintiff's case, counsel for the garnishee moved for a directed verdict and his motion was sustained. Since both cases were set for trial for the same date, but not consolidated, after the directed verdict was entered, counsel for garnishee made a motion to the effect that plaintiff be required to elect whether he would proceed to trial in action No. 10156, and if he was not ready, that the case be dismissed with prejudice; thereupon the court inquired of plaintiff as to his wishes, who, after discussion concerning a feasible date for the trial of said action, replied, "Well, I guess I'll have to dismiss it," and thereupon left the court room.

No further action was taken by either of the parties in this particular case until March 2, the opening day of the March term of court, and this case being on the

docket, when the call of the docket was made, plaintiff and counsel for the garnishee agreed that the case be set for trial to a jury on April 29, 1953; however, on March 27, 1953, counsel for the garnishee filed a motion to vacate the trial setting on the ground that the court had no jurisdiction because plaintiff had *voluntarily* dismissed the action with prejudice. Hearing was had on this motion on April 3, and the court entered the following order: "It is therefore ordered that the Order heretofore entered herein setting said cause for trial on the 29th day of April, 1953, be and the same hereby is vacated. And it further appearing to the Court from an examination of the record in this action that an Order of Dismissal in this action was withheld from entry pending disposition of the Motion for New Trial in Cause No. 10,155 of this Court and that said Motion for New Trial was disposed of at the first day of the present term of this Court—it is ordered that this action now be and the same hereby is, dismissed with prejudice."

The writ of error herein followed in due course and plaintiff, for reversal of the above judgment and order, specifies and relies upon the contention that the dismissal was not a voluntary dismissal, and, if so, it would be without prejudice; that plaintiff has been misled and prejudiced by the court's order setting the case for trial long after the conclusion of the hearing in the county court; and therefore in these particulars, error was committed by the trial court.

Counsel for defendant in error now contends that the dismissal of the case on defendant's motion was not a voluntary dismissal under rule 41 (a) (1) of our rules of civil procedure, but was an involuntary dismissal under rule 41 (b) (1), and that an order of dismissal for failure to prosecute is discretionary and will not be disturbed on review without a clear showing of abuse of discretion.

The position of defendant's counsel in the county court and position here are incompatible. In his motion to va-

cate the trial setting in the county court, he stated that "Jack Merwin both in his capacity as plaintiff and as attorney for plaintiff, upon motion of the garnishee to elect whether he would proceed to the trial of the above entitled cause of action then set for trial, or would dismiss the same with prejudice, did then and there in open court elect to and did dismiss the action. * * *." Here he contends that the dismissal was an involuntary dismissal under rule 41 (b) (1) of the rules of civil procedure, for failure to prosecute.

To obtain the order vacating the setting of a trial date counsel for garnishee based his contention on the premise of a voluntary dismissal on account of what plaintiff said at the close of the trial in the other case as hereinabove set out. If it properly can be said that it was a dismissal, it surely was a dismissal based on the voluntary statement of plaintiff; however, there was no dismissal order entered and the trial court must have been confused in his statement and order herein set out when he said that the order of dismissal was deferred until motion for a new trial was disposed of in the former case; and that it was entered on March 2, because the record shows that the motion for new trial was overruled on January 30, 1953, and the trial court thereafter, with this case remaining on its docket, on March 2, called the case and set a definite date for trial. Had a dismissal order been entered on the above quoted statement of counsel at the time it was made, or as of the time it was made, it necessarily would have been an order of dismissal without prejudice.

■■ The position now taken by counsel for defendant in error, the garnishee, that the dismissal was an order for failure to prosecute, and therefore a dismissal with prejudice, is one with which we cannot agree. The statement of plaintiff that, "Well, I guess I will have to dismiss it," is not a statement that he was dismissing the case or requesting the court for an order of dismissal, and is not the equivalent of what is described in Moore's

Federal Practice (2d ed.), volume 5, page 1037, as a failure to prosecute as quoted in defendant's brief, which is, in part, as follows: "What constitutes 'failure to prosecute,' * * * or a statement on the day set for trial that plaintiff *does not wish* to proceed with the suit is sufficient to justify dismissal for want of prosecution." (Emphasis supplied.)

So far as the record before us was made, it apparently was upon the ground of voluntary dismissal due to plaintiff's statement. That situation cannot be charged to plaintiff's prejudice by a different condition or a different basis for dismissal as made in this court. If plaintiff talked himself out of anything, it was his action and not his cause of action; however, since no presumption can here be indulged that plaintiff had no further or different evidence than that which he had presented in the companion case, even though he was silent when for better practice and on safer grounds, he should have spoken.

The judgment is reversed and the cause remanded with directions to reinstate the action for such further proceedings by plaintiff as he may be advised.